**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

ANGELA WOODHULL,

    **Plaintiff,**

vs.                                                      **CASE NO. 1:08CV151-SPM/AK**

SHIRLEY MASCARELLA,

    **Defendant.**

_____/

## SECOND REPORT AND RECOMMENDATION

The undersigned previously recommended that Defendant's First Motion to Dismiss (doc. 10) be denied, but without prejudice to again so move if after amending her complaint Plaintiff still failed to provide facts sufficient to support her claims and the jurisdictional amount necessary to warrant diversity jurisdiction. (Docs. 14, 16). Plaintiff filed an amended complaint, (doc. 18), and Defendant has again moved to dismiss on the same grounds. (Doc. 20).[1] Plaintiff has responded. (Doc. 22). Upon review of the first amended complaint, the undersigned is of the opinion that the motion to dismiss should be **GRANTED**, and this cause dismissed with prejudice.

---

[1]Although Plaintiff sought leave to file a Second Amended Complaint (doc. 21), the undersigned denied this motion because the proposed pleading added nothing substantively to the first amended complaint and would be futile.

**I.        Allegations of the First Amended Complaint (doc. 18)**

Plaintiff brings this cause of action against her cousin who lives in Ohio and who allegedly accused Plaintiff of not caring for Plaintiff's mother as she should.  These statements were allegedly made over an unspecified period of time to various people in state agencies and within the family, none of whom are identified.[2]  These statements were allegedly made to cause Plaintiff trouble with some of these agencies, but Plaintiff does not allege that any official actions were taken against her by any of these agencies.  Plaintiff has asserted that these statements caused damage to her reputation, but has not provided any facts to support how this "injury" equates to money damages.  Likewise, she states she has been caused emotional distress, but does not allege any costs incurred such as medical expenses or wage loss resulting from this injury.  She claims these statements were made in an effort to disinherit her, but does not state that she was in fact disinherited or otherwise incurred any actual injury as a result of Defendant's actions.  In fact, the allegations appear to be a family disagreement that has been escalated into a lawsuit improperly brought in federal court.

**II.       Standard of Review**

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable

---

[2] In her proposed second amended complaint, (doc. 21, exhibit A), Plaintiff narrows the time period to three years from March 2005 to July 2008, but offers no more specific details about the calls or statements.  Further, she identifies only one person as having heard some of the statements, Richard Filisky, which the Court found, in denying leave to file the pleading, that these details were still insufficient.

**No. 1:08cv151-SPM/AK**

legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be assumed that a Plaintiff will prove facts which have not been alleged.  Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice."  Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).  Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it.  Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

Further, a district court should review subject matter jurisdiction sua sponte, and should dismiss an action "whenever it appears" that the court lacks subject matter jurisdiction.   Rule 12(h)(3), Federal Rules of Civil Procedure.

a)	Jurisdictional Amount

Defendants contend that this cause should be dismissed because Plaintiff offers only a conclusory allegation that the amount in controversy exceeds $75,000.00.  Plaintiff must "affirmatively allege facts demonstrating the existence of jurisdiction," Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994), which in this instance requires some factual basis to support that the matter in controversy exceeds $75,000.00.  28 U.S.C. §1332(a).  While district courts should not typically dismiss a complaint on this basis, a claim made in good faith will usually suffice, when it is apparent to a legal certainty that the Plaintiff cannot recover the amount claimed, dismissal may be appropriate.  St. Paul Mercury Indem. Co. v.  Red Cab, Co., 303 U.S. 283 (1938).  This is true when the assertions by the Plaintiff are "indeterminate and speculative." Federated Mutual Insurance Co. v. McKinnon Motors, 329 F.3d 805 (11th Cir. 2003).

**No. 1:08cv151-SPM/AK**

The Court finds that it would be too speculative to support jurisdiction to assume from the facts provided that statements regarding Plaintiff's lack of care of her mother made to unidentified employees at a nursing home or at agencies or to family members could amount to $75,000.00 in damages when Plaintiff herself does not allege that she incurred any specific expense or loss related to these negative statements about her. Plaintiff has had two opportunities to state facts that might support such a finding and even offered a third complaint, which also failed to allege any specific damages.

    b)    <u>Failure to State a Claim</u>

Plaintiff alleges state law claims of defamation, false light invasion of privacy, and intentional infliction of emotional distress.

The elements of a defamation claim are: (1) publication; (2) falsity; (3) defendant must act with knowledge or reckless disregard for the truth if the matter concerns a public official or with negligence if the matter concerns a private person; (4) actual damages; and (5) the statement must be defamatory. <u>Restatement (Second ) of Torts</u> §§558B, 580A-580B. Specific information must be provided to support these elements such as the identify of the speaker, the identity of the persons spoken to, the substance of the statements, and a time frame when the statements were made. <u>Fowler v. Taco Viva, Inc.</u>, 646 F. Supp. 152, 157-158 (S. D. Fla. 1986); <u>Jackson v. North Broward County Hospital</u>, 766 So. 2d 256, 257 (Fla. 4th D.C.A. 2000). Plaintiff fails to state a claim for defamation because she fails to provide the identity of the persons to whom the defamatory statements were allegedly made, a time frame for when the statements were made, and because she has alleged no actual damages.

**No. 1:08cv151-SPM/AK**

The elements of intentional infliction of emotional distress are: (1) intentional and reckless conduct; (2) outrageous conduct; (3) emotional distress caused by the conduct; (4) which is severe.  State Farm Mutual Automobile Insurance Co., 657 So.2d 1210, 1212 (Fla. 5th D. C. A. 1995).  Outrageous has been defined as that which goes beyond all bounds of decency, atrocious, utterly intolerable in a civilized community. Johnson v. Thigpen, 788 So.2d 410, 412 (Fla. 1st D.C.A. 2001).  The conduct must be such that recitation to an average member of the community of the facts alleged would cause that person to exclaim, Outrageous!  Johnson, supra at 413. A determination of whether a plaintiff has met the requirements for a claim for intentional infliction of emotional distress is for the trial court to decide as a matter of law.  Baker v. Florida National Bank, 559 So. 2d 284 (Fla. 1st D.C.A. 2000).  While the statements alleged may have been false and hurtful to Plaintiff, there is nothing "outrageous" about family members criticizing each other's treatment of their common relatives. The Court makes this finding despite Plaintiff's Yahoo! blog results submitted in support of her response which shows several user responses which indicate otherwise.  (Doc. 22).  As a matter of law, these statements do not qualify as outrageous as that term is defined by case law.  Also, Plaintiff has continued to offer no facts to support her conclusory allegations of "severe" emotional distress.  Thus, she has failed to state a claim for emotional distress by failing to provide factual support on at least two elements of this claim.  Since the filing of Plaintiff's complaint and Defendant's motion to dismiss, the Florida Supreme Court has determined that Florida does **not** recognize a cause of action for false light as a separate tort because the tort of defamation by implication is already accepted as law in this state.  Jews for Jesus Inc. v. Rapp, 997 So.2d 1098 (Fla. 2008).  Thus, this claim should be dismissed as not a recognized claim in the state of Florida.

**No. 1:08cv151-SPM/AK**

It is therefore, **RECOMMENDED** that Defendant's Second Motion to Dismiss (doc. 20) be **GRANTED,** and this cause **DISMISSED with prejudice.**

**IN CHAMBERS** at Gainesville, Florida, this 19th Day of March, 2009.

s/ A Kornblum
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:08cv151-SPM/AK**